PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY RIOS, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CWGS ENTERPRISES, LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 2:17-cv-03614-RSWL-AFM<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO CHANGE VENUE**<br><br>Date: August 8, 2017<br>Time: 10:00 a.m.<br>Ctrm: TBD<br><br>Complaint filed: April 10, 2017<br>Removal filed: May 12, 2017 |

## I. INTRODUCTION

Defendant CWGS Enterprises, LLC's ("Defendant") Motion to Change Venue should be denied for a number of reasons. First, Defendant's argument that this is a federal question case that properly should be transferred to the Northern District of California is without merit. As detailed in the papers supporting the motion filed by Plaintiff Roy Rios ("Plaintiff") to remand this action to the Superior Court of California for the County of Los Angeles, which is currently pending before this Court, this is not a federal question action, but instead is based on Defendant's violations of the California Unruh Civil Rights Act.

Additionally, Defendant's reliance on an order dismissing with prejudice the case of *Son Kim v. CWI, Inc., etc., et al.,* U.S. District Court, Northern District of California Case No. 4:16-cv-01913-JSW ("*Son Kim*"), to support its argument regarding "judicial economy," is misplaced. As detailed below, this point is entirely without merit. The *Son Kim* case is a case to which Plaintiff is not a party, is not binding upon Plaintiff, and does not address his requests for relief. What is more, the order of dismissal provides no details concerning what the parties have agreed to, or any details with respect to "the sufficiency and timing of the Parties' plan to address website accessibility." The supposed familiarity that the Honorable Jeffrey S. White has with respect to the issues in ***this*** case, is not provided. In sum, the obligations of the parties to the *Son Kim* case, and the Northern District Court's proceeding thereon, provide no basis for transfer of this matter to the Northern District. For these reasons, Defendant's motion should be denied.

## II. FACTUAL BACKGROUND

Plaintiff filed his complaint in this action on April 10, 2017 in the Superior Court of California for the County of Los Angeles. Plaintiff alleged only one cause of action against Defendant for violation of California's Unruh Civil Rights Act based on Defendant's failure to maintain its website, www.campingworld.com, in a fully and equally accessible manner for site-impaired individuals as it does for non-site-impaired

individuals. Specifically, Plaintiff alleged that because of the numerous accessibility barriers on Defendant's website, Plaintiff has been and continues to be prevented from fully, equally and effectively accessing Defendant's website.

*Significantly, Plaintiff did not include any federal causes of action*; specifically, Plaintiff did not allege a cause of action based on Defendant's violations of the ADA, 42 U.S.C. § 12181 *et seq.* Instead, Plaintiff alleged that Defendant violated section 51 of California's Civil Code based on its failure to provide equal access for people with disabilities to its the accommodations, advantages, facilities, privileges, and services of its business establishments, specifically campingworld.com. Plaintiff likewise *acknowledged* that "Section 51(f) of the California Civil Code provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act" and that Defendant's conduct likewise violated the ADA. (Complaint, ¶ 21.) Though Plaintiff acknowledged a violation of the ADA likewise constitutes a violation of the Unruh Act, Plaintiff did not allege a cause of action under the ADA or seek relief pursuant to the ADA.

On May 12, 2017, Defendant removed the action to this Court based on alleged, but unsupportable, federal question jurisdiction. (Dkt. No. 1.) On June 12, 2017, Plaintiff filed his motion to remand this action to the Superior Court based on Defendant's improper removal. (Dkt. No. 12.) That motion was taken under submission and is pending before this Court. Defendant filed the present motion on June 30, 2017. (Dkt. No. 13.)

**III. ARGUMENT**

    **A.   This Case Presents No Federal Question And As Such, 28 U.S.C. § 1331 Is Inapplicable.**

As an initial matter, the venue considerations of 28 U.S.C. § 1331 are only applicable where the Court has proper federal question jurisdiction. As detailed in the papers supporting Plaintiff's currently pending motion to remand this action to the Superior Court of California, this action is *not* a federal question case, but is instead

based on Defendant's violations of California's Unruh Civil Rights Act. This case was properly filed in the Superior Court, and should be returned there. *See, e.g., Wander v. Kaus*, 304 F.3d 856, 857 (9th Cir. 2002); *Jackson v. Yoshinoya America Inc.*, No. CV 12-08518 MMM EX, 2013 WL 865596, at *2 (C.D. Cal. Mar. 7, 2013) (citing 4A Charles A. Wright, Arthur R. Miller et al., Federal Practice and Procedure, § 3722 (4th ed. 2012)).

Indeed, as noted in Plaintiff's papers supporting that motion, three other Courts in this District recently ruled that similar complaints alleging the same violations, with the same requests for relief against other defendants had been improperly removed on federal question grounds, and belonged instead in the Superior Court of California for the County of San Bernardino. Upon the motion of the plaintiff, each court ordered remand to the Superior Court. *See Thurston v. Container Store, Inc.*, 2017 WL 658806 (C.D. Cal., Feb. 16, 2017); *Thurston v. Toys R Us, Inc.,* 5:16−cv−02672−JAK-AGR at Dkt. 14, 2-5 (C.D. Cal., February 23, 2017); *Thurston v. Omni Hotels Management Corporation*, 5:16-cv-02596-TJH-KK at Dkt. 15 (C.D. Cal., May 19, 2017). This Court should so rule on Plaintiff's pending motion in this case.

With this background, and the applicable law and arguments set forth in Plaintiff's concurrently pending Motion for Remand, there simply is no basis for Defendant's argument that this case arises under federal question jurisdiction, and thus no basis for transfer of this matter to the Northern District. The fact that Defendant may be subject to personal jurisdiction in that District, and the fact that Plaintiff's counsel has filed other actions in that District, mean nothing in this context. Accordingly, this Court should reject Defendant's arguments for transfer.

**B. Venue Was Properly Alleged By Plaintiff.**

In its moving papers, Defendant contends that this case is a federal question case because it was brought under the ADA, and that "[b]ecause this case arises under federal question jurisdiction pursuant to 28 U.S.C. § 1331, venue is proper where: (1) any defendant resides, if all defendants reside in the same state; (2) where a substantial

part of the event giving rise to the claim occurred; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b)." (Motion at 5.) According to Defendant, venue is appropriate in the Northern District because "Defendant owns and operates retail stores in Northern California and the Subject Website is accessible in Northern California," and because Plaintiff's *counsel* has filed actions in the Northern District. (*Id.*) If this was the proper test for venue, which it is not, then the Central District is the proper venue for the exact same reasons.

Defendant's contentions are without merit, or are irrelevant. Assuming for a moment this Court has federal question jurisdiction, which Plaintiff expressly disputes and has provided ample support against, for the same reasons venue may be proper in the Northern District, venue may likewise be proper in *this* district, as well as the County of Los Angeles. First, Defendant does not reside in the Northern District. Based on information and belief, Defendant is an Illinois limited liability company organized in the state of Delaware. (Cmpl. ¶ 5).

Second, a substantial part of the event, if not the entire event, giving rise to the claim occurred in Los Angeles County where Plaintiff resides and attempted to access Defendant's website. Just as Defendant contends the website is accessible in the Northern District, it is likewise available throughout the Central District, and indeed, in all countries where internet accessibility allows use of Defendant's website. However, *no* part, much less a substantial part, of the events giving rise to the action occurred in the Northern District.

Third, just as Defendant has retail locations in the Northern District, Defendant has retail locations in the Central District and Los Angeles County, the place where Plaintiff resides and would patronize Defendant's physical locations.[1]

///

---

[1] *See* http://rv.campingworld.com/locations (last visited July 18, 2017).

Lastly, and needless to say, where Plaintiff's counsel practices, or where they may have filed or defended actions on behalf of other clients, has no bearing on the propriety of venue for *this* action.

### B. The Factors for a Change of Venue Weigh Against Transfer.

Pursuant to 28 U.S.C. §1404(a) "[f]or convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division in which it might have been brought." The first consideration is whether the matter may have been brought in the transferee court, which involves consideration of whether that court would have subject matter jurisdiction, whether the defendant would be subject to personal jurisdiction there, and whether venue would be proper. *See Hoffman v. Blaski,* 363 U.S. 335, 342-344 (1980). The court next considers whether a transfer would be warranted based on the convenience of the parties, the convenience of the witnesses, and the interest of justice. *E & J. Gallo Winery v. F. & P. S.p.A.,* 899 F.Supp. 465, 466 (E.D. Cal. 1994). Contrary to Defendant's arguments, a consideration of these factors does not favor a change of venue for this action.

As set forth above, though venue technically could have been proper in the Northern District if there was federal question jurisdiction, which Plaintiff again denies, venue would likewise be proper in Los Angeles County or the Central District. However, transfer is not warranted when considering convenience of the parties, the convenience of the witnesses, and the interests of justice.

It should be noted that Defendant offers *no evidence* that the convenience of the Parties or witnesses favors the Northern District. It likely cannot because no party resides there and not one potential witness within the Northern District has been identified. Instead, Defendant ignores the fact that the likely most important witness, Plaintiff, resides within the Central District. Convenience of the witnesses/parties thus favors the Central District.

Defendant instead attempts to focus on its argument that the interests of justice somehow favor the Northern District because an undisclosed settlement agreement

between Defendant and a non-party was reached there. This fact in no way lends itself to substantial justice for Plaintiff who has zero way of knowing how, if at all, a prior settlement agreement reached in a District hundreds of miles away from him satisfies the injunctive relief he seeks against Defendant.

### C. Defendant's "Judicial Economy" Argument Based Upon the Dismissal Order in *Son Kim* is Misplaced.

Defendant is correct in asserting that "judicial economy" may be the basis for a change in venue (Motion at 6), but Defendant does not provide a sound basis for that argument in *this* case. In support of its contention, Defendant cites the order dismissing the *Son Kim* case, where the Court retained jurisdiction with respect to interpretation and enforcement of *those* parties' settlement agreement.

This argument is entirely without merit. First, the *Son Kim* case is inapplicable to Plaintiff, his causes of action, or his requests for statutory damages and attorneys' fees in the present action. Indeed, the only indication the *Son Kim* Court gives regarding website accessibility is to state, "The Court retains jurisdiction over the **Parties** and the above-captioned Civil Action No. 4:16-cv-01913 with respect to the interpretation and enforcement of the **Parties'** Settlement Agreement, including the sufficiency and timing of the **Parties'** plan to address website accessibility." (Defendant's Request for Judicial Notice, Exh. 1 (emphasis added).) Nothing further is provided. As such, it is unclear *what* Defendant is obligated to do with respect to website accessibility, by *when* such obligations must be met, or *how* the obligations in any way apply to Plaintiff or address his requests for relief in the present case.

Defendant implies that the *Son Kim* case is essentially the same as this case, but ***provides no specific evidence of this***, including Judge White's purported familiarity with the issues in ***this*** case. This Court thus does not have before it any basis for a transfer based on "judicial economy," much less a basis for federal question jurisdiction, and should reject Defendant's arguments on this point.

///

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that this Court deny Defendant's motion to change venue.

Dated: July 18, 2017         PACIFIC TRIAL ATTORNEYS
                             A Professional Corporation


                             By: /s/Victoria C. Knowles
                             Victoria C. Knowles
                             Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2017, I electronically filed the foregoing **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO CHANGE VENUE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Victoria C. Knowles*
Victoria C. Knowles