JS - 6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROY RIOS, | ) CV 17-03614 RSWL-AFMx |
| Plaintiff, | ) |
| v. | ) **ORDER Re: PLAINTIFF'S** |
| | ) **MOTION TO REMAND** [10]; |
| | ) **DEFENDANT'S MOTION TO** |
| CWGS ENTERPRISES, LLC, a | ) **CHANGE VENUE** [13] |
| Delaware limited liability | ) |
| company; and DOES 1-10 | ) |
| inclusive, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**I.   INTRODUCTION**

Plaintiff Roy Rios ("Plaintiff") filed this Action in the Superior Court of California for the County of Los Angeles on April 10, 2017.  Compl., ECF No. 1-1. Plaintiff alleged that Defendant CWGS Enterprises, LLC's ("Defendant") website, www.campingworld.com, violates California's Unruh Civil Rights Act because it imposes barriers to access for blind and other visually-impaired individuals.  Id. at ¶ 1.  Currently before the Court is Plaintiff's Motion to Remand

1

("Motion" or "Motion to Remand") this Action back to Los Angeles Superior Court, and Defendant's Motion to Change Venue to the Northern District of California ("Motion to Change Venue").  See Pl.'s Mot. to Remand ("Mot."), ECF No. 10; Def.'s Mot. to Change Venue ("Mot. to Change Venue"), ECF No. 13.  The Court, having reviewed all papers and arguments submitted pertaining to both Plaintiff's Motion to Remand and Defendant's Motion to Change Venue, **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES as MOOT** Defendant's Motion to Change Venue.

## II.  BACKGROUND

### A.   Factual Background

Plaintiff is permanently blind and uses a screen reader to access the internet and read website content. Compl. ¶ 4.  Blind individuals can only access websites by using keyboards with screen-reading software that vocalizes the information.  Id. at ¶ 9.  However, unless a website is designed to be read by screen-reading software, visually-impaired individuals cannot access its information.  Id.

Defendant owns and operates retail store locations around the world, including in California.  Id. at ¶ 5. These locations are public accommodations within the definition of Title III of the 1990 Americans with Disabilities Act ("ADA") and are business establishments within the definition of California

Civil Code §§ 51 *et seq*.  <u>Id.</u>  Defendant's website,
www.campingworld.com, provides access to an array of
services such as store locators and product
descriptions.  <u>Id.</u>

Plaintiff alleges that Defendant has denied him and
other blind and visually-impaired individuals access to
the services and information made available through
www.campingworld.com.  <u>Id.</u> at ¶ 12.  Plaintiff alleges
Defendant's website lacks alternative text, an
invisible code embedded beneath a graphic image.  <u>Id.</u>
at ¶ 14.  Without this code, screen readers cannot
accurately vocalize a description of the graphic.  <u>Id.</u>
Additionally, Defendant's website is riddled with
redundant links that go to the same URL address, which
result in additional navigation and repetition for
keyboard and screen-reader users.  <u>Id.</u>  Finally,
Defendant's website includes missing form labels.  <u>Id.</u>
If a form control does not have a proper text label,
the function of that form control may not be presented
to screen-reader users.  <u>Id.</u>

Plaintiff filed a lawsuit against Defendant in
state court alleging a violation of the Unruh Civil
Rights Act, California Civil Code § 51.  <u>Id.</u> at ¶¶ 17-
18.  In his Complaint, Plaintiff seeks a preliminary
and permanent injunction requiring Defendant to take
the necessary steps to make its website readily
accessible to visually-impaired individuals and
statutory damages as set forth by California Civil Code

3

1 § 52(a).  Id. at 6:11-18.

2 **B.  Procedural Background**

3    On May 5, 2017, Plaintiff filed this Action in the
4 Superior Court of California for the County of Los
5 Angeles [1-1].  On May 12, 2017, Defendant removed the
6 case to this Court on the basis of federal question
7 jurisdiction.  Def.'s Ntc. of Removal [1].  On June 12,
8 2017, Plaintiff filed the instant Motion to Remand
9 [10].  Defendant filed its Opposition on June 20, 2017
10 [11] and Plaintiff's Reply followed on June 27, 2017
11 [12].  On June 30, 2017, Defendant filed a Motion to
12 Change Venue to the Northern District of California
13 [13].  On July 18, 2017 Plaintiff filed his Opposition
14 to Defendant's Motion to Change Venue [20] and
15 Defendant's Reply followed on July 25, 2017 [21].

16                    **III. DISCUSSION**

17 **A.  Legal Standard**

18    Federal courts are of limited jurisdiction, and
19 therefore, a federal court can only adjudicate cases
20 that create a federal question because they "arise
21 under the Constitution, laws, or treaties of the United
22 States," or those in which the parties have diversity
23 of citizenship.  28 U.S.C. §§ 1331, 1332.

24    Federal question jurisdiction exists only where
25 federal law creates the cause of action asserted, where
26 under the artful pleading doctrine one or more state
27 law claims should be re-characterized as federal
28 claims, or where state law claims necessarily turn on

1    the construction of a substantial, disputed federal
2    question.  <u>Rains v. Criterion Sys., Inc.</u>, 80 F.3d 339,
3    343 (9th Cir. 1996)(citing <u>Merrell Dow Pharms. v.</u>
4    <u>Thompson</u>, 478 U.S. 804, 807-10 (1968)).

5         However, the "mere presence of a federal issue in a
6    state cause of action does not automatically confer
7    federal-question jurisdiction." <u>Wander v. Kaus</u>, 304
8    F.3d 856, 858 (9th Cir. 2002)(citing <u>Merrell Dow</u>, 478
9    U.S. at 808).  The federal issue must be a "necessary
10   element" of one of the state law claims.  <u>Id.</u>  The
11   federal issue must also be "actually disputed and
12   substantial."  <u>Grable & Sons Metal Prods., Inc. v.</u>
13   <u>Darue Eng'g & Mfg</u>, 545 U.S. 308, 314 (2005).

14        Generally, the plaintiff "decide[s] what law he
15   will rely upon . . . and, if he can maintain his claim
16   on both state and federal grounds, he may ignore the
17   federal question and assert only a state law claim and
18   defeat removal." <u>Sullivan v. First Affiliated Sec.,</u>
19   <u>Inc.</u>, 813 F.2d 1368, 1373 (9th Cir. 1987)(internal
20   quotation marks and citations omitted).  The "burden of
21   establishing jurisdiction falls on the party invoking
22   the removal statute . . . which is strictly construed
23   against removal." <u>Id.</u> at 1371 (citing <u>Hunter v. United</u>
24   <u>Van Lines</u>, 746 F.2d 635, 639 (9th Cir. 1984), <u>cert.</u>
25   <u>denied</u>, 474 U.S. 863 (1985)(citation omitted)).  Courts
26   resolve all ambiguities in favor of remand to state
27   court.  <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039,
28   1042 (9th Cir. 2009).

**B.   Analysis**

There is a presumption against removal and
Defendant bears the burden of proving federal question
jurisdiction.   There are three bases for federal
question jurisdiction: (1) where federal law creates
the cause of action, (2) where under the artful
pleading doctrine a plaintiff's state law claims should
be re-characterized as federal claims, or (3) where one
or more state law claims necessarily turn on the
construction of a disputed, substantial federal
question.   <u>Rains</u>, 80 F.3d at 343.

1.   <u>Plaintiff's Request for Judicial Notice is</u>
     <u>DENIED</u>

Plaintiff requests the Court take judicial notice
of five Central District of California orders by Judges
Kronstadt, Hatter, Carney, and Fitzgerald pursuant to
Federal Rules of Evidence 201.   Pl.'s Req. for Jud.
Ntc., ECF No. 10-1.[1]   It is unnecessary to take judicial
notice of opinions from other courts because this Court
can consider other legal authorities without judicially
noticing the opinions.   <u>McVey v. McVey</u>, 26 F. Supp. 3d

---

[1] Plaintiff requests judicial notice be taken of orders from
the following cases: (1) <u>Cheryl Thurston v. Toys R Us, Inc.</u>, No.
5:16-cv-02672-JAK-AGR (C.D. Cal. Feb. 23, 2017), ECF No. 14; (2)
<u>Thurston v. Omni Hotels Mgmt. Corp.</u>, No. 5:16-cv-02596-TJH-KK
(C.D. Cal. May, 19, 2017), ECF No. 15; (3) <u>James Patrick Brown v.
BPS Direct, LLC, et al.</u>, No. LACV 14-04622 JAK (JEMx)(C.D. Cal.
Oct. 6, 2014), ECF No. 30; (4) <u>Penney v. Kohl's Dep't Stores,
Inc., et al.</u>, No. SACV 14-01100-CJC (DFMx)(C.D. Cal. Sept. 23,
2014), ECF No. 12; and (5) <u>Edward Davis v. Orlando Wilshire
Invs., Ltd.</u>, No. 5:15-cv-01738-MFW-KK (C.D. Cal. Nov. 2, 2015),
ECF No. 17.

980, 984-85 (C.D. Cal. 2014).  "Judicial notice of law
is outside the scope of Rule 201, and derives from
practical considerations and case law that do not rely
on Rule 201 or principles of evidence."  Id. at 985
(internal quotation marks and citation omitted).  While
the Court can consider these decisions as non-binding
precedent, the Court **DENIES** Plaintiff's request for
judicial notice of the decisions.  BP West Coast Prods.
LLC v. May, 347 F. Supp. 2d 898, 901 (D. Nev. 2004).

     2.  Whether Federal Law Creates the Cause of Action

     "The district courts shall have original
jurisdiction of all civil actions arising under the
Constitution, laws, or treaties of the United States."
28 U.S.C. § 1331.  Defendant first argues that
Plaintiff directly alleges a claim under the ADA,
giving this Court federal question jurisdiction.
Def.'s Opp'n to Pl.'s Mot. to Remand ("Opp'n") 3:1-5.
Defendant argues that because Plaintiff's Complaint
alleges that Defendant's actions also violate
provisions of the ADA, Plaintiff explicitly invokes
federal question jurisdiction.  Id.  Plaintiff argues
that he did not allege a violation of the ADA in his
Complaint and just because he pointed to the fact that
a violation of California's Unruh Civil Rights Act also
constitutes a violation of the ADA, that does not
invoke federal question jurisdiction.  Mot. 1:6-12,
5:5-6.

     The Ninth Circuit has held that the "mere presence

7

of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Wander, 304 F.3d at 858 (quoting Merrell Dow, 478 U.S. at 813). While Defendant is correct that Plaintiff is seeking both injunctive relief and damages, Defendant is incorrect in stating that fact necessarily invokes federal question jurisdiction. Opp'n 8:6-15; see Toys R Us, Inc., No. 5:16-cv-02672-JAK-AGR (finding that the plaintiff's request for injunctive relief and damages did not necessitate a finding of federal question jurisdiction because "[w]hen a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim")(internal quotation marks and citations omitted).

Plaintiff alleges an ADA claim only so far as it independently constitutes a violation of the California Unruh Civil Rights Act. A reading of Plaintiff's Complaint and California Civil Code § 51(f) makes this clear.[2] This does not constitute an independent claim for relief under the ADA. Plaintiff's "state law cause of action claim does not 'arise under federal law' even though it is premised on a violation of federal law."

---

[2] California Civil Code § 51(f) states: "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

1 <u>Wander</u>, 304 F.3d at 859.  Therefore, Defendant's
2 manipulation of the language of Plaintiff's Complaint
3 is not sufficient to support federal question
4 jurisdiction.

5    While not binding precedent, the ruling in <u>Thurston</u>
6 <u>v. Container Store, Inc.</u>, No. 5:16-cv-02658-SVW-DTB,
7 2017 WL 658806 (C.D. Cal. Feb. 16, 2017) mirrors the
8 facts and allegations in this case and this Court finds
9 it persuasive.  In <u>Container Store</u>, the plaintiff
10 brought a similar claim regarding website accessibility
11 for visually-impaired individuals, alleged a violation
12 of the Unruh Civil Rights Act, and requested both
13 damages and injunctive relief.  <u>Id.</u> at *1-2.  The court
14 remanded the action back to state court after
15 concluding that the question of whether there was
16 federal question jurisdiction was ambiguous and all
17 ambiguities should be resolved in favor of remand.  <u>Id.</u>
18 at *3.

19    The court similarly remanded an action regarding
20 website accessibility where a plaintiff alleged a
21 violation of the Unruh Civil Rights Act and requested
22 both injunctive relief and damages.  <u>Toys R Us, Inc.</u>,
23 5:16-cv-02672-JAK-AGR (holding the plaintiff's claim
24 was not solely based on alleged violations of the ADA
25 because the relief sought is available under California
26 Civil Code § 51(b)).  It is clear that Plaintiff did
27 not directly allege a federal cause of action and
28 federal law does not create the cause of action in the

1    instant case.  Therefore, federal question jurisdiction

2    is not appropriate on this basis.

3         3.   Whether the Artful Pleading Doctrine Applies

4         Under the artful pleading doctrine, federal

5    question jurisdiction is also proper when a plaintiff's

6    state law claims should be re-characterized as federal

7    claims.  Rains, 80 F.3d at 344.  A plaintiff "may not

8    defeat removal by omitting to plead necessary federal

9    questions in a complaint."  JustMed, Inc. v. Byce, 600

10   F.3d 1118, 1125 (9th Cir. 2010)(internal quotation

11   marks and citations omitted).  Courts most frequently

12   deal with artful pleading where state law claims are

13   preempted, or even precluded by federal law, or

14   alternatively, where federal issues are embedded in

15   state law claims.  Removal Based on Federal Question

16   Jurisdiction–Removal Based on Artful Pleading, 14B Fed.

17   Prac. & Proc. Juris. § 3722.1 (4th ed.).

18        Here, Defendant does not assert preemption of

19   federal law.  This is because it is established that

20   the ADA's anti-discrimination provision does not

21   preempt California state claims.  See City of Los

22   Angeles v. AECOM Servs., Inc., 854 F.3d 1149, 1156 (9th

23   Cir. 2017)("[t]he ADA expressly disavows preemptive

24   federal occupation of the disability-rights field").

25        Instead, Defendant argues the Court has

26   jurisdiction under the artful pleading doctrine because

27   Plaintiff has engaged in forum shopping by alleging a

28   violation of the ADA but only naming the Unruh Civil

                              10

Rights Act as a cause of action.  Opp'n 6:1-8.
Defendant alleges Plaintiff is forum shopping to avoid
this District's ruling in <u>Robles v. Dominos Pizza LLC</u>,
No. CV-1606599-SJO-SPX, 2017 WL 1330216 (C.D. Cal. Mar.
20, 2017).  <u>Id.</u> at 6:10-12.  Defendant also points to
Plaintiff's decision not to remand nearly identical
actions as evidence that Plaintiff is engaging in forum
shopping and declining to remand cases where he prefers
the assigned federal judge over the state judge.  <u>Id.</u>
at 6:20-7:5.  These frivolous allegations are
inappropriate in the instant Motion and do nothing to
convince the Court or bolster Defendant's contention
that there is a basis to find federal question
jurisdiction.

     While Defendant raises the artful pleading
doctrine, Defendant fails to provide any evidence or
factual support to bolster this contention.  "Courts
should invoke the doctrine only in limited
circumstances as it raises difficult issues of state
and federal relationships and often yields
unsatisfactory results."  <u>Lippitt v. Raymond James Fin.
Servs., Inc.</u>, 340 F.3d 1033, 1041 (9th Cir. 2003)
(internal quotation marks and citations omitted).  The
artful pleading doctrine has been used in: (1) complete
preemption cases and (2) substantial federal questions
cases.  <u>Id.</u>  Within this second category are cases
"where the claim is necessarily federal in character .
. . or where the right to relief depends on the

resolution of a substantial, disputed federal question." <u>Id.</u> at 1042 (internal citations omitted).

As stated above, the ADA does not preempt state law claims regarding discrimination based on a disability. Accordingly, Defendant must prove that Plaintiff's federal question is necessary, disputed, and substantial to confer federal question jurisdiction. As this is a separate basis to confer federal question jurisdiction, the Court answers this question below.

4.   <u>Whether One or More State Law Claims Necessarily Turn on a Disputed, Substantial Federal Question</u>

Federal question jurisdiction may also be invoked where one or more state law claims necessarily turn on the construction of a disputed, substantial federal question. <u>Rains</u>, 80 F.3d at 343.

a.   *Disputed and Substantial Federal Question*

Federal question jurisdiction may be proper where a "state-law claim necessarily state[s] a federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing a congressionally approved balance of federal and state judicial responsibilities." <u>Grable & Sons</u>, 545 U.S. at 315.

Defendant claims that website accessibility is a disputed area of federal law under the ADA and thus any claims arising under website accessibility need to be adjudicated in federal court.   Opp'n 3:18-27.

1    Defendant also notes that the Department of Justice
2    ("DOJ"), the federal agency responsible for
3    promulgating regulations under the ADA, has issued
4    opinions requiring certain institutions make their
5    websites compliant, but it has stopped short of
6    promulgating formal regulations.  Id. at 4:1-3.
7    Defendant asserts that jurisdiction exists because this
8    federal question is both disputed and substantial and
9    the recent ruling in Dominos Pizza makes clear that the
10   issue of website accessibility is an unresolved issue
11   of federal law.  Id. at 5:3-23.  Plaintiff argues that
12   the fact that the DOJ or any other federal entity has
13   not laid out specific guidelines regarding website
14   accessibility does not transform all claims under the
15   Unruh Civil Rights Act regarding websites into federal
16   cases.  Mot. 10:14-18.
17        Because the DOJ has yet to issue formal
18   regulations, federal courts have interpreted the ADA in
19   different ways regarding website accessibility.
20   Defendant suggests that the ruling in Dominos Pizza
21   mandates this Court's analysis.  It does not.  In
22   Dominos Pizza, the plaintiff brought two causes of
23   action under the ADA and two causes of action under
24   California state law claims regarding website
25   accessibility, whereas here, Plaintiff did not allege a
26   federal cause of action.  2017 WL 1330216, at *1.  The
27   court there granted the defendant's motion to dismiss
28   pursuant to the primary jurisdiction doctrine after

13

finding that the lack of formal guidance by the DOJ in regards to website accessibility made it difficult to determine what criteria websites and mobile applications must meet.  Id. at *7.  Dominos Pizza is easily distinguishable from the case at bar.  There, the plaintiff filed the case in federal court, directly alleging claims under the ADA.  2017 WL 1330216 at *3. This is vastly different from this case, where Plaintiff filed in state court and only alleged a state cause of action under the Unruh Civil Rights Act. Although certain points of the court's legal analysis in the Dominos Pizza opinion may be helpful in the determination of this case on the merits, the ruling is not factually similar for the purposes of establishing federal question jurisdiction.

Moreover, Dominos Pizza was distinguished by Gorecki v. Hobby Lobby Stores, Inc., CV 17-1131-JFW (SKx), 2017 WL 2957736, at *7 (C.D. Cal. June 15, 2017), where the court denied the defendant's motion to dismiss finding the plaintiff was not seeking a "remedy that adopts a specific rule.  Instead, he requests an order requiring [the defendant] to comply with the DOJ's directive to ensure disabled individuals have as full and equal enjoyment of its website as non-disabled individuals."  The court also found that the DOJ has "repeatedly affirmed that Title III applies to websites that meet the definition of a public accommodation," thereby calling into question the Dominos Pizza finding

14

that this is an unsettled area of federal law.  _Id._ at

*4.  Defendant relies too heavily on a case that is

both factually and legally distinguishable.  Moreover,

based on the ruling in _Gorecki_, Defendant has failed to

show that website accessibility is a disputed and

substantial federal question.

>    b. _Necessity_

While the Court finds that Defendant has failed to

show there is a disputed and substantial federal

question, the Court nevertheless briefly analyzes the

necessity requirement for federal question

jurisdiction.  To invoke federal question jurisdiction,

the federal issue must be disputed and substantial, but

a plaintiff's claim must also "necessarily turn[] on

the construction" of a federal issue.  _Rains_, 80 F.3d

at 343.  A federal issue does not confer federal

jurisdiction where it is "_merely collateral_" to a state

claim.  _Jackson v. Yoshinoya America Inc._, No. 12-08518

MMM (EX), 2013 WL 865596, at *3 (C.D. Cal. Mar. 7,

2013)(emphasis in original).  Rather, the "question of

federal law [must be] a necessary element of one of the

well-pleaded state claims."  _Rains_, 80 F.3d at 345.

"When a claim can be supported by alternative and

independent theories—one of which is a state law theory

and one of which is a federal law theory—federal

question jurisdiction does not attach because federal

law is not a necessary element of the claim."  _Id._ at

346.  Defendant does not argue or address the necessity

of the ADA claim under the Unruh Civil Rights Act.  In
Container Store, which has factually similar claims and
legal theories as the present case, the court found
that the defendant's possible ADA violation "is only
one of two theories of liability presented by the
Plaintiff, meaning that the ADA may not be involved at
all in the litigation.  This would suggest that
resolving the federal question is not a necessary
element of the Plaintiff's claim."  2017 WL 658806, at
*3.  Similarly, Defendant has not shown that
Plaintiff's cause of action necessarily requires
answering a federal question, or that Plaintiff's
claims for relief are solely based on the ADA to
satisfy the necessity requirement.  Toys R Us, Inc.,
5:16-cv-02672-JAK-AGR, at 4.  Plaintiff has alleged
that Defendant's conduct constitutes a violation of the
ADA as well as California's Unruh Civil Rights Act.
However, on its own, that is not sufficient for this
Court to conclude that determining whether there is a
violation of the ADA is a necessary question to support
a finding that there is federal question jurisdiction.

        Finally, Defendant argues this Court has subject
matter jurisdiction based on a separate case involving
Defendant in the Northern District of California, Son
Kim v. CWI, Inc., et al., No. 4:16-cv-01913-JSW (N.D.
Cal. Dec. 12, 2016).  The parties entered into a
settlement agreement and the court there retained
jurisdiction over the parties to enforce the settlement

agreement.  As an initial matter, the <u>Son Kim</u> case does not involve Plaintiff and was not a class-action settlement or a case that is binding on Plaintiff or other individuals not parties to the suit.  While the court there retained jurisdiction over the parties, it was only as to those parties and as to that lawsuit. Defendant appears to assert that federal question jurisdiction is appropriate in this case because the court in <u>Son Kim</u> has federal question jurisdiction. However, in <u>Son Kim</u> the plaintiff directly alleged a violation of the ADA.  This is distinguishable from this case, and <u>Son Kim</u> has no bearing on this Court's duty to independently determine whether it has subject matter jurisdiction, which the Court finds it does not.

## IV. CONCLUSION

For the reasons set forth above, and because the Court must resolve all ambiguities in favor of remand, the Court **GRANTS** Plaintiff's Motion to Remand and Remands this Action back to the Superior Court of California for the County of Los Angeles, Central District, Case No. **BC657201**.  The Court **DENIES as MOOT** Defendant's Motion to Change Venue.

**IT IS SO ORDERED.**

DATED: August 11, 2017     <u>s/ RONALD S.W. LEW</u>

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge